In Error. — Trespass, assault, and battery by defendant against the plaintiffs. They severed in pleadings, each pleaded not guilty, and issues. Against M'Daniel a jury was sworn, and assessed $14 damages. The counsel for Wooten then moved to have the suit as against Wooten struck off the docket, which was accordingly done by the court below, and the defendant discharged, to which there was a *Page 253 
bill of exceptions and a writ of error to this court. For the plaintiff in error was cited Sayer's Law of Damages, 84; Esp. N. P. 319-321.
The judgment of the County Court must be reversed: reason and authority are decisive of the point, though the plaintiff below could recover but one satisfaction for a joint trespass, yet he had the responsibility of both trespassers to secure this satisfaction; the Court had no power to deprive him of it. The rule in Heydon's case, 11 Co. 67, seems to furnish a rule in this case. See 2 Wil. ed. Bac. Ab. 272, 273 in n.
Let a procedendo issue to the court below.
NOTE. — This case is not cited by either the Court or counsel in the subsequent cases; but it is cited by Mr. Meigs in his Digest, section 1894, as in conflict with the case in 2 Yerger. Upon examination, however, the two rulings are not inconsistent. This case merely holds that in a joint action of trespass against two, the plaintiff is entitled to prosecute the action to verdict against each, but nothing is said as to the form of judgment if the recovery against each trespasser is different in amount. The case in 2 Y. decides that, after several verdicts, the plaintiff must elect which defendant he will take judgment against, and enter a nol. pros,
as to the others. The case in 2 Sneed holds that separate actions may be brought against each of several joint trespassers, and proceeded with to judgment, but the plaintiff can only have one satisfaction. He may elect upon which of the judgments he will proceed, and such election, followed by actual satisfaction of the particular judgment, will preclude the plaintiffs from proceedings against either of the other defendants upon the judgments recovered, except for the costs in each case. These two decisions are cited in Brown v. Kencheloe, 3 Cold. 192, where it was held that an accord entered into by the injured party with one of several co-trespassers, and satisfaction of the trespass, would release all the trespassers, whether the parties intended it or not. The provisions of the Code, sections 2972-2974, may so far work a change in the ruling in 2 Y. 94, as to allow several judgments in a joint action of trespass, in the same way as if separate actions had been brought. There could still be only one satisfaction. — ED.